**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

NOV 15 2017

JAMES W. McCORMACK, CLERK
By:_____
              DEP CLERK

In the United States District Court
Eastern District of Arkansas
Western Division

Donna Waugh                                                             Plaintiff

v.              Case No. 4:17-cv-755-JM

Hood & Stacy, P.A. d/b/a Hood & Stacy                    Defendant

This case assigned to District Judge Moody
**Complaint** and to Magistrate Judge Deere

1. Defendant Hood & Stacy, P.A. d/b/a Hood & Stacy attempted to collect a consumer debt from Plaintiff Donna Waugh by filing and serving a motion for summary judgment in a debt collection lawsuit the state court had previously dismissed.

**Jurisdiction**

2. Jurisdiction of this Court arises under 28 U.S.C. §§ 1331, 1367, and 15 U.S.C. § 1692k(d).

3. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the Arkansas Fair Debt Collection Practices Act ("AFDCPA"), Ark. Code Ann. § 17-24-501, *et seq.*, in its illegal efforts to collect a consumer debt from Donna Waugh.

4. Venue is proper in this District because the acts and transactions occurred here, Donna Waugh resides here, and Defendant transacts business here.

5. Defendant has transacted business within Arkansas by attempting to collect this debt from Donna Waugh using litigation, while she was located within and permanently residing within Arkansas.

**Parties**

6. Hood & Stacy, P.A. d/b/a Hood & Stacy ("Hood & Stacy), is a domestic for profit corporation organized under Arkansas law operating from 216 N. Main Street, Bentonville, AR 72712.

7. Hood & Stacy is a law firm.

8. The FDCPA and the AFDCPA apply to "lawyers engaged in litigation."[1]

9. Hood & Stacy is a member of the National Association of Retail Collection Attorneys and the Lease Enforcement Attorney Network, both of which are organizations made up of law firms and attorneys who collect consumer debt.

10. Hood & Stacy is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

11. The term "debt collector" has two prongs:

    a. any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts; or

---

[1] See Heintz v. Jenkins, 514 U.S. 291, 115 S. Ct. 1489, 131 L. Ed. 2d 295 (1995).

2

  b. any person who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.[1]

12. Hood & Stacy uses instrumentalities of interstate commerce or the mails in its business the principal purpose of which is the collection of debts.

13. Hood & Stacy regularly collects or attempts to collect, directly or indirectly, debts owed or asserted to be owed to another.

## Factual Allegations

14. Within one year immediately preceding the filing of this pleading, Hood & Stacy attempted to collect from Donna Waugh a financial obligation that was primarily for personal, family or household purposes, and is therefore a "debt" as that term in defined by 15 U.S.C. § 1692a(5) and Ark. Code Ann. § 17-24-502(4), namely a credit card debt.[2]

---

[1] 15 U.S.C. § 1692a(6) and Ark. Code Ann. § 17-24-502(5)(A).

[2] Each alleged violation of the FDCPA is evaluated individually to determine whether any portion of the claim is not barred by the statute of limitations, and thus, it does not matter that the debt collector's violation restates earlier assertions. *Demarais v. Gurstel Chargo, P.A.*, 869 F.3d 685 (8th Cir. 2017). There is no "relation back" to the date the original debt collection complaint was filed in determining whether a claim under the FDCPA was filed within the one-year statute of limitation of 15 U.S.C. § 1692k(d). *Id.* (reversing and remanding district court's grant of motion to dismiss FDCPA claim based on determination that communications made by debt collection law firm to consumer during litigation "related back" to date the debt collection complaint was filed).

3

## *Arkansas State Court Litigation*

15. American Express Centurion Bank (American Express) retained Hood & Stacy to collect an allegedly defaulted credit card debt from Donna Waugh.

16. On or about November 15, 2013, American Express commenced a civil action against Donna Waugh by filing a complaint in the Circuit Court of Pulaski County, Arkansas.

17. The debt collection complaint alleged Donna Waugh had defaulted on two American Express credit cards and requested a judgment against her for the account balances, court costs and other relief.

18. The debt collection complaint was signed by Morgan Doughty, an attorney licensed to practice in Arkansas who at the time was employed by Hood & Stacy.

19. Donna Waugh initially represented herself in the civil action.

20. Donn Waugh filed a motion to dismiss arguing that she was not timely served with the summons and debt collection complaint.

21. On March 16, 2015, American Express filed a motion to dismiss without prejudice.

22. The motion to dismiss was signed by Morgan Doughty for Hood & Stacy.

23. On March 17, 2015, the Circuit Court signed an order dismissing the case without prejudice and the Clerk of Court entered the order.

24. After the order was entered, American Express could no longer receive any affirmative relief in the civil action.\*

25. On or about November 21, 2016, Hood & Stacy mailed to Donna Waugh a motion for summary judgment and brief in support in the same civil action that the Circuit Court had dismissed on March 17, 2015.

26. The motion and brief listed three licensed Arkansas attorneys in the signature line, Morgan Doughty, Nicholas R. Hood, and Rickard W. Hood, all of whom were employed by Hood & Stacy.

27. One of those three attorneys signed the motion and brief.

28. The motion and brief in support requested the Circuit Court enter a money judgment against Donna Waugh in favor of American Express.

29. The motion and brief were supported by an Affidavit of Raquel Hernandez, an Assistant Custodian of Records for American Express, with a date of "NOV 07 2016" stamped by Hernandez's signature.

30. Donna Waugh received the motion in the mail.

31. Even though the debt collection case had been dismissed, Donna Waugh was distressed that a judgment might be entered against her soon.

32. The motion for summary judgment and brief in support was filed on December 1, 2016, in the same civil action that had been dismissed.

---

\* *Lemon v. Laws*, 315 Ark. 143, 806 S.W.3d 1 (1991); *Austin v. Austin*, 241 Ark. 634, 409 S.W.2d 833 (1966); *Tribco v. Mfg. Co. v. People's Bank of Imboden*, 67 Ark. App. 268, 998 S.W.2d 756 (1999); *Dillon v. Hawkins*, 147 Ark. 1, 226 S.W. 758 (1921); *see also* DAVID NEWBERN, JOHN J. WATKINS, D.P. MARSHALL, JR., BRANDON J. HARRISON, ARKANSAS CIVIL PRAC. & PROC. § 27:4 (5th ed.).

33. Donna Waugh retained counsel and incurred and paid attorney fees to oppose the motion for summary judgment.

34. On January 9, 2017, the Circuit Court entered an order denying the motion for summary judgment.

35. Hood & Stacy's attempts to collect a debt from Donna Waugh through a motion for summary judgment filed in a civil action that had already been dismissed violated numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692f, 1692f(1), and the AFDPCA, including but not limited to Ark. Code Ann. §§ 17-24-505(b), 17-24-506(a), 17-24-506(b)(5), 17-24-507(a), 17-24-507(b)(1).

### *Summary*

36. Hood & Stacy's false representations that they could obtain a money judgment through a motion for summary judgment in a civil action that had already been dismissed was an unfair and deceptive attempt to collect a debt, which materially misled Donna Waugh as to her rights under the FDCPA and the AFDCPA, and which affected and frustrated Donna Waugh's ability to intelligently respond to Hood & Stacy's collection efforts.

37. All of the communications as alleged herein by Hood & Stacy and the employees and agents of Hood & Stacy, constitute false and deceptive communications made in violation of numerous and multiple provisions of

6

the FDCPA and the AFDCPA including but not limited to all of the provisions cited herein, amongst others.

### *Respondeat Superior Liability*

38. The acts and omissions of Morgan Doughty, Nicholas R. Hood, Rickard W. Hood, and other debt collectors employed as agents by Hood & Stacy, who communicated with Donna Waugh and others as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Hood & Stacy.

39. The acts and omissions by Morgan Doughty, Nicholas R. Hood, Rickard W. Hood, and other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Hood & Stacy in collecting consumer debts.

40. By committing these acts and omissions against Donna Waugh, Morgan Doughty, Nicholas R. Hood, Rickard W. Hood, and other debt collectors were motivated to benefit their principal, Hood & Stacy.

41. Hood & Stacy is therefore liable to Donna Waugh.

### Standing

42. Donna Waugh has standing under Article III of the United States Constitution because she has suffered an injury in fact, the injury in fact is traceable to the challenged conduct of Hood & Stacy described herein, and her injury in fact is likely to be redressed by a favorable judicial decision in this Court.

43. Donna Waugh's injury in fact is both particular and concrete because she suffered an invasion of a legally protected interest that is concrete, particularized and actual or imminent.

44. Many provisions of the FDCPA and the AFDCPA recognize a consumer's rights and redress for violations of those rights, including the right to be left alone from debt collection efforts that contain false and deceptive statements and threaten to take actions against the consumer that cannot legally be taken (i.e. obtaining a money judgment in a civil action that has already been dismissed).[3]

45. Donna Waugh has standing because she suffered actual damages, including emotional distress and confusion after receiving the motion for summary judgment and incurring and paying attorney's fees to oppose the motion for summary judgment.[4]

## Causes of Action

### Count I – Violations of the FDCPA, 15 U.S.C. § 1692, et seq.

46. Donna Waugh incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. The foregoing acts and omissions of Hood & Stacy and its agents constitute numerous and multiple violations of the FDCPA including, but

---

[3] *See Demaris*, 869 F.3d 685, 690-692.

[4] *Id.*

not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(5), 1692f, and 1692f(1), with respect to Donna Waugh.

48. As a result of Hood & Stacy's violations of the FDCPA, Donna Waugh is entitled to actual damages under 15 U.S.C. §1692k(a)(1); statutory damages in an amount up to $1,000.00 under 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs under 15 U.S.C. § 1692k(a)(3), from Hood & Stacy.

### *Count II – Violations of the AFDCPA, Ark. Code Ann. § 17-24-501, et seq.*

49. Donna Waugh incorporates by reference all of the above paragraphs of this Complaint as though fully state herein.

50. The foregoing acts and omissions of Hood & Stacy and its agents constitute numerous and multiple violations of the AFDCPA including, but not limited to, including but not limited to Ark. Code Ann. §§ 17-24-505(b), 17-24-506(a), 17-24-506(b)(5), 17-24-507(a), 17-24-507(b)(1), with respect to Donna Waugh.

51. As a result of Hood & Stacy's violations of the AFDCPA, Donna Waugh is entitled to actual damages under Ark. Code Ann. § 17-24-512(a)(1); statutory damages in an amount up to $1,000.00 under Ark. Code Ann. § 17-24-512(a)(2)(A); and reasonable attorney's fees and costs under Ark. Code Ann. § 17-24-512(a)(3)(A), from Hood & Stacy.

## Jury Demand

52. Donna Waugh demands a trial by jury.[*]

## Prayer for Relief

53. Plaintiff Donna Waugh prays that judgment be entered against Hood & Stacy as follows:

   a. for an award of actual damages under 15 U.S.C. § 1692k(a)(1) and Ark. Code Ann. § 17-24-512(a)(1), against Hood & Stacy and for Donna Waugh;

   b. for an award of statutory damages of $1,000 under 15 U.S.C. § 1692k(a)(2)(A), against Hood & Stacy and for Donna Waugh;

   c. for an award of statutory damages of $1,000 under Ark. Code Ann. § 17-24-512(a)(2)(A), against Hood & Stacy and for Donna Waugh;

   d. for an award of costs of litigation and reasonable attorneys' fees under 15 U.S.C. § 1692k(a)(3), and Ark. Code Ann. § 17-24-512(a)(3)(A) against Hood & Stacy and for Donna Waugh; and

   e. for such other and further relief as may be just and proper.

By: _____
Corey D. McGaha
Ark. Bar No. 2003047
William T. Crowder

---

[*] U.S. Const. amend. 7 and Fed. R. Civ. P. 38.

                                            Ark. Bar No. 2003138
                                            CROWDER MCGAHA, LLP
                                            5507 Ranch Drive, Suite 202
                                            Little Rock, AR 72223
                                            Phone (501) 205-4026
                                            Fax: (501) 367-8208
                                            cmcgaha@crowdermcgaha.com
                                            wcrowder@crowdermcgaha.com

# Verification

State of Arkansas        )
County of Pulaski        )

Under 28 U.S.C. § 1746, Plaintiff Donna Waugh, having first been duly sworn and upon oath, verifies, certifies, and declares as follows:

1. I am the Plaintiff in this civil action.
2. I have read the foregoing Complaint prepared by my attorneys.
3. I believe that all of the facts contained in the Complaint are true, to the best of my knowledge, information, and belief formed after a reasonable inquiry.
4. I believe that this Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
5. I believe that this Complaint is not interposed for any improper purpose, such as to harass any named Defendant, cause unnecessary delay to any named Defendant, or create a needless increase in the cost of litigation to any named Defendant.
6. I have filed this Complaint in good faith and solely for the purposes set forth in it.

I declare under penalty of perjury that the foregoing is true and correct.

This 15th day of November, 2017.

_____
Donna Waugh